IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. SCOVIL | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:11CV00481 SWW |
| JOHN N. McHUGH, Secretary of the Army | * | |
| | * | |
| | * | |
| Defendant | | |

## ORDER

Plaintiff William J. Scovil ("Scovil") brings this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, seeking judicial review of the final decision of the Army Board for the Correction of Military Records ("ABCMR"), denying his application for modification of his military records to show that he was eligible for severance pay at the time of his discharge from the United States Army. Before the Court is the administrative record ("AR"), the Army's motion for summary judgment (docket entries #5, #6, #7), Scovil's responses in opposition (docket entry #10, #14), Scovil's motion to remand (docket entry #11, #12), and the Amy's reply in support of summary judgment and opposition to remand (docket entry #13). After careful consideration, and for reasons that follow, the Court finds that the ABCMR's decision should be upheld and the motion to remand denied.

I.

The ABCMR considers applications before it, and in appropriate cases, directs or recommends the correction of military records to correct an error or injustice. *See* 32 C.F.R.

1

§ 581.2(c)(2)(I). In accordance with the standard of judicial review set forth in the APA, a court must uphold a final decision of the ABCMR unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or unsupported by substantial evidence. *See* 5 U.S.C. § 706(2)(A),(E). A decision is arbitrary and capricious if:

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Central South Dakota Co-op. Grazing Dist. v. Secretary of U.S. Dept. of Agriculture,* 266 F.3d 889, 894-95 (8th Cir. 2001)(quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "'Substantial evidence' is more than a scintilla but less than a preponderance of the evidence; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *University of Iowa Hospitals and Clinics v. Shalala*, 180 F.3d 943, 954 (8th Cir. 1999)(quoting *Donaho v. FMC Corp.*, 74 F.3d 894, 900 n. 10 (8th Cir.1996)).

"The arbitrary and capricious standard is a narrow one that reflects the deference given to agencies' expertise within their respective fields. As long as the agency provides a rational explanation for its decision, a reviewing court cannot disturb it." *Henry v. U.S. Dept. of Navy,* 77 F.3d 271, 272 (8th Cir. 1996)(citing *Nat'l Wildlife Federation v. Whistler*, 27 F.3d 1341, 1344 (8th Cir.1994)). "Review of a military agency's ruling, moreover, must be extremely deferential because of the confluence of the narrow scope of review under the APA and the military setting." *Id*. (citing *Falk v. Secretary of the Army*, 870 F.2d 941, 945 (2d Cir.1989). "[The Court's] review of a military correction board's decision is limited to deciding 'whether the

Board's decision making process was deficient, not whether the decision was correct.'" *Id*. at 273(quoting *Watson v. Arkansas Nat'l Guard*, 886 F.2d 1004, 1011 n.16 (8th Cir.1989)).

**II**.

Scovil entered the Army in April 1969, completed training as an infantry indirect fire crewman, and arrived in Vietnam on September 6, 1969. AR 4, 59. On April 1, 1970, Scovil sustained a dislocated right shoulder when his area came under attack by a hostile force. AR 4, 14. 70. A Western Union telefax to Scovil's parents, dated April 2, 1970, states that Scovil was "slightly injured in action . . . on 1 April 1970." The telefax further states: "He received a dislocated right shoulder. He was treated and hospitalized in Vietnam. . . . since he is not repeat not seriously wounded no further reports will be furnished." AR 14.

On June 7, 1970, Scovil was awarded a Bronze Star Medal for heroism in connection with the April 1, 1970 attack in which he sustained a dislocated right shoulder. The award announcement states:

> When his unit became engaged with a determined enemy force, with complete disregard for his own safety, he exposed himself to the intense hostile fire as he moved forward to the point of heaviest contact and began placing a heavy volume of suppressive fire upon the insurgent forces. His actions were an inspiration to the other members of his unit and were instrumental in the successful mission.

AR 93.

On September 4, 1970, Scovil was awarded the Purple Heart for the valorous action he took on April 1, 1970 (AR 85), and on September 5, 1970, he departed Vietnam for the United States. AR 59. In accordance with his induction contract, Scovil was released from active duty on April 8, 1971, two years after his induction date, with an honorable characterization of service, and he transferred to the Army Reserve to complete his remaining reserve obligation.

AR 59, 65-66, 126.  The order releasing Scovil from active duty and transferring him to the Army Reserve states that his release was "not by reason of physical disability . . . ."  AR 65.

On July 31, 2010, Scovil submitted an application for correction of his military record, asserting that he was not informed of his right to file a claim for his shoulder injury and that he should have received thirty percent severance pay.  AR 10.   In support of his claim, Scovil submitted his report of transfer or discharge, certificate of release from active duty, two medical records dated May and June 2010 related to his right shoulder, and the aforementioned April 2, 1970 telefax to is parents.   AR 11-14.

The medical records submitted by Scovil show that he underwent an x-ray examination on May 20, 2010 after he presented to a physician complaining of pain to his right shoulder.  A radiologist's report dated May 20, 2010 states: "No definite focal bony or joint abnormalities are seen.  The acromiohumeral space is well-preserved. . . . No definite acute radiographic abnormalities are seen.  Primary Diagnostic Code: Normal."  AR 13.

An MRI report, dated  June 29, 2010, states that Scovil is a "61-year-old male with chronic right shoulder pain" and that he demonstrated "mild degenerative arthrosis of the acromioclavicular joint without evidence of significant inferior spurring present." AR 12.

### III.

As stated in the ABCMR's decision, 10 U.S.C. § 1203 provides severance pay for a member of the armed forces who is physically unfit to perform the duties of his office, rank, grade, or rating because of a disability incurred while entitled to basic pay.  The procedure for determining whether a service member is unfit to perform because of disability is governed by Army Regulation 635-40, which provides a multi-layered review system.  Regulations in effect at the date of Scovil's discharge provide that when a commanding officer believes that a member

of his command is unfit to perform duties of his office because of physical disability, he will refer the member for medical examination. *See* Army Reg. 635-40 ¶ 3-2 (Feb. 7, 1968). The applicable regulation further provides that if it appears from the medical officer's examination report that the member referred for examination fails to meet the criteria for retention, he will be referred to a medical evaluation board ("MEB"), convened to document the service member's medical status and duty limitations. If the MEB determines that the service member does not meet retention standards, it will recommend referral to a physical evaluation board ("PEB") for a fitness determination.

In his petition for review, Scovil states that the shoulder injury he sustained on April 1, 1970 "renders him unfit for military service [and] that he should have been evaluated by a [MEB] in order to determine such fitness for retention and upon doing so referred to a [PEB] in order to determine the degree of disablement and whether he would have been entitled to severance pay or disability retirement benefits." Complaint, ¶ 4.

The ABCMR found "insufficient evidence to show that [Scovil] was suffering from any unfitting condition at the time of his [release from active duty] that would have required him to be processed for discharge through medical channels." AR 5. The ABCMR's finding is well supported by the record. The evidence shows that Scovil dislocated his right shoulder on April 1, 1970, when he made heroic efforts to repel intense hostile fire. The record further shows that Scovil received treatment at a hospital, and he returned to active duty until his release on April 8, 1971, which was not by reason of physical disability but because his term of service had expired.

Scovil contends that the ABCMR's denial of his application was arbitrary and capricious because the it failed to secure his service medical records, which "would presumably have

revealed the extent and degree of [his] right shoulder impairment and how it rendered him unfit for further retention." Docket entry #12, at 3.  According to Scovil, his service records are under the constructive control of the Army and the ABCMR was obliged to secure them.  Scovil asks the Court to remand this matter with instructions to secure his service medical records and reconsider his claim.

The ABCMR is not an investigative body, *see* 32 C.F.R. § 581.3(c)(2)(iii), and Scovil had the burden of submitting evidence to the ABCMR to support his claim.  Furthermore, evidence contained in the record shows that Scovil's shoulder injury did not prevent him from returning to active duty, and there is no basis for remand.

## IV.

For the reasons stated, the final determination of the ABCMR is AFFIRMED.  Defendant's motion for summary judgment (docket entry #5) is GRANTED, and Plaintiff's motion for remand (docket entry #11) is DENIED.   Pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 14TH DAY OF FEBRUARY, 2012.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE